UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-23-TLS |
| | ) | CIVIL NO.: 1:15-CV-149-TLS |
| JUAN SANDOVAL | ) | |

**OPINION AND ORDER**

The Defendant, Juan Sandoval, pleaded guilty to knowingly distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1), and being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(9). This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 82], filed by the Defendant on June 15, 2015. The Defendant argues that his counsel rendered ineffective assistance, thereby depriving him of his Sixth Amendment right to counsel. He requests an evidentiary hearing. The Government argues that the Defendant waived his right to collaterally attack his sentence as part of the Plea Agreement that he voluntarily entered with the Government. The Defendant has not filed a reply brief.[1]

For the reasons set forth in this Opinion and Order, the Court will deny the Defendant's Motion. In addition, the Court will not issue a certificate of appealability.

**PROCEDURAL BACKGROUND**

A written Plea Agreement between the Government and the Defendant was filed with the Court on August 19, 2013. According to the Plea Agreement, the Defendant agreed to enter a

---

[1] The Government filed its response to the Defendant's habeas motion on August 14, 2015. A local district rule states that a reply brief is due "within 28 days after the answer brief" to a habeas motion "is served." N.D. Ind. L. CR. R. 47-2.

plea of guilty to Counts 2 and 3 of the Indictment, in return for the dismissal of Counts 1 and 4. The Agreement contained a waiver of appellate rights:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction, my sentence, and restitution order imposed or the manner in which my conviction, sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section § 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Plea Agreement ¶ 8.f., ECF No. 32.) In paragraph 13, the Defendant declared that he was offering his "plea of guilty freely and voluntarily and of [his] own accord," that "no promises ha[d] been made to [him] other than those contained in this [plea] agreement," and he was not "threatened in any way by anyone to cause [him] to plead guilty in accordance with this agreement."

The Court referred the matter to Magistrate Judge Roger Cosbey to conduct a plea hearing to determine whether the Defendant was competent to enter a plea, the Defendant knowingly and voluntarily wished to enter a guilty plea, the Defendant understood the charges against him, and there existed a factual basis for the charges. On September 19, 2013, the Magistrate Judge conducted a change of plea hearing. After the hearing, the Magistrate Judge issued Findings and Recommendation, finding that the Defendant understood the nature of the charges against him, understood the rights he was giving up by pleading guilty, understood the possible sentences he could receive, was pleading guilty knowingly and voluntarily, was

competent to plead guilty, understood his answers could be used against him later in a prosecution for perjury or false statement, and that there was a factual basis for the plea. The Magistrate Judge recommended that the Court accept the Defendant's plea of guilty. No party filed objections to the Findings and Recommendation, and the Court, on October 4, accepted the recommended disposition, adjudged the Defendant guilty of Counts 2 and 3 of the Indictment, and set the matter for sentencing.

On November 21, 2013, the Defendant's attorney filed a sentencing memorandum examining the sentencing factors under 18 U.S.C. § 3553(a). On January 14, 2014, the Court conducted a sentencing hearing. The Court determined the advisory Guideline range, accepted the Plea Agreement calling for the dismissal of Counts 1 and 4 of the Indictment, and considered statements of the Defendant and a witness who testified on behalf of the Defendant. The Court sentenced the Defendant to a total of 168 months imprisonment. That term has since been reduced to 135 months pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 (the "Drug Minus Two" amendment).

## ANALYSIS

A plea agreement is a type of contract subject to contract law principles tempered by limits that the Constitution places on the criminal process. *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Courts "enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008) (quotation marks and citation omitted). "A defendant may validly waive both his right to a direct

3

appeal and his right to collateral review under § 2255 as a part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (citing *Jones v. United States*, 167 F.3d 1142, 1144–45 (7th Cir. 1999)).

Here, the Defendant's waivers of his right to appeal and his right to collaterally attack his conviction and sentence, "including but not limited to, a proceeding under Title 28, United States Code, Section 2255" (Plea Agreement ¶ 8.f), are express and unambiguous. The waiver cites to the precise provision of the United States Code the Defendant is attempting to use to challenge his sentence. The Seventh Circuit has "generally upheld and enforced these waivers, with limited exceptions for cases in which the plea agreement was involuntary, the district court 'relied on a constitutionally impermissible factor (such as race),' the 'sentence exceeded the statutory maximum,' or the defendant claims 'ineffective assistance of counsel in connection with the negotiation of [the plea] agreement.'" *Keller*, 657 F.3d at 681 (quoting *Jones*, 167 F.3d at 1144–45).

The Defendant does not allege that the Court relied on impermissible factors, such as his race, in selecting his sentence, or that he was sentenced in excess of the statutory maximum for the crime he committed. Nor does he suggest that the Plea Agreement was involuntary. During his plea colloquy with the Magistrate Judge, the Defendant confirmed that he had an opportunity to read and discuss the Plea Agreement before he signed it. The court inquired further:

> THE COURT: Do you understand the terms of the plea agreement, sir?
> THE DEFENDANT: Yes, I understand.
> THE COURT: Is there anything in this plea agreement you do not understand?
> THE DEFENDANT: Hmmm, no, sir, I'm okay.
> THE COURT: Mr. Sandoval, has anyone made any promise or assurance that is not in the plea agreement to persuade you to accept the agreement?
> THE DEFENDANT: No, sir.
> THE COURT: Are there any side agreements that are not stated in the plea

4

>   agreement?
>   THE DEFENDANT:   No, sir.
>   THE COURT:   Has anyone threatened you in any way to persuade you to accept this agreement?
>   THE DEFENDANT:  No, sir.

(Plea Hr'g Tr. 12, ECF No. 69.) The Magistrate Judge went on to discuss specific terms of the Plea Agreement.

>   THE COURT:  Mr. Sandoval, do you understand that in your plea agreement with the Government, you agree that after you plead guilty, you will have no right to appeal your conviction, sentence, and any restitution order imposed, or the manner in which your conviction, sentence or restitution order was determined or imposed? Do you understand that?
>   THE DEFENDANT:   Yes, I understand, sir.

(*Id.* 14–15.) The Defendant affirmed the same understanding regarding the waiver of a collateral attack.

>   THE COURT:  Do you understand that in your plea agreement that your plea agreement prohibits you from appealing under Title 18, United States Code, Section 3742 or collaterally attacking through a habeas corpus petition your conviction, sentence or restitution order, and the manner by which your conviction, sentence or restitution order was determined or imposed?
>   THE DEFENDANT:  I understand, sir.
>   THE COURT:  Do you understand that you agreed in your plea agreement to give up a right to claim ineffective assistance of counsel, unless the claimed ineffectiveness relates directly to the appellate waiver or its negotiation?
>   THE DEFENDANT:  I understand, sir.

(*Id.* 15.)

A defendant's statements made during a plea colloquy are generally accorded a presumption of verity. *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000). The Defendant's statements during the plea colloquy concerning his understanding of the appellate waiver, as well as his statements that he was pleading guilty of his own free will and that no one had forced him to plead, threatened him, or made any promises that were not part of the Plea Agreement, all

5

support the conclusion that he entered a knowing and voluntary waiver of his right to collaterally attack the sentence.

With this knowing and voluntary waiver, the Defendant is barred from collaterally attacking his sentence, save for any claims that relate to the negotiation of his Plea Agreement. The entirety of the Defendant's ineffective assistance of counsel claim is contained on page four of his Petition. He claims that his counsel was "inef[f]ective when failed to put forth a 'reasonable' and factually support[ed] argument [for] a lower guideline . . . movant petitions that his erstwhile attorney rendered him constitutionally defective assistance of counsel, in violation of his Sixth Amendment right of effective assistance of counsel at the critical sentencing phase in this case." (Pet. 4, ECF No. 82.) The Defendant's claim that trial counsel rendered ineffective assistance with respect to his sentence has nothing to do with the negotiation of the Plea Agreement. *See, e.g.*, *Bridgeman v. United States*, 229 F.3d 589, 592–93 (7th Cir. 2000) (stating ineffective assistance of counsel claims that relate to anything other than plea negotiation, for example, those related to counsel's performance at sentencing, are barred by an enforceable waiver); *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000) (finding that because the defendant's ineffective assistance of counsel claim related only to counsel's performance with respect to sentencing, it had nothing to do with the issue of a deficient negotiation of the waiver and was barred by a waiver).

The Defendant's Petition does not assert any claim for relief that is not barred by the waiver. Accordingly, he is not entitled to relief or to an evidentiary hearing. *See Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992) (citation omitted) ("No hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion

are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court.").

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). Where the district court has rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. A defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate"). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. Here, no additional argument is necessary because no reasonable jurist could conclude that the Defendant did not knowingly and voluntarily plead guilty pursuant to a Plea Agreement that contained an express waiver of the right to collaterally attack his conviction or sentence. The Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 82]. The Court does not issue a certificate of appealability. If the Defendant wishes to appeal this Court's ruling, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

SO ORDERED on October 1, 2015.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT